UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TASHA MOISE, on behalf of herself, and all others similarly situated, | * * * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:23-cv-12688-IT |
| | * | |
| S & S DONUTS LLC, COUTO MANAGEMENT GROUP LLC, JOSE S. COUTO, & SALVI C. COUTO, | * * * | |
| Defendants. | | |

MEMORANDUM & ORDER

June 25, 2024

TALWANI, D.J.

Pending before the court is Plaintiff Tasha Moise's partially opposed Motion to Certify the Collective Action Pursuant to 29 U.S.C. § 216(b) and Issue Notice to the Proposed Collective Action Members [Doc. No. 25]. For the reasons that follow, the unopposed portions of the motion are GRANTED, Defendants' objection to posting notice in the stores is sustained, and the court orders notice as set forth below.

I. **Background**

Plaintiff filed this putative collective action in November 2023 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. She contends that Defendants S&S Donuts, LLC, Couto Management Group, LLC, Jose S. Couto, and Salvi C. Couto are the owners and operators of over 60 Dunkin Donuts locations in Massachusetts, that Defendants employed her as a "Manager" and misclassified her as exempt from overtime requirements, and that she was regularly required to work over 40 hours a week without overtime pay. Plaintiff further alleges that others were similarly situated, and that Defendants violated the FLSA by not paying

required overtime wages when Plaintiff and the others worked more than 40 hours a week.

Defendants admit that Plaintiff sometimes worked more than 40 hours but deny that she and

other managers were misclassified.

Plaintiff timely filed her Motion to Certify a Collective Action and Provide Notice to

Proposed Collective Action Members ("Pl.'s Mot.") [Doc. No. 25]. The putative collective

includes "all current or former managers of Dunkin Donuts employed by any defendant during

any portion of the period commencing three years prior to the filing of this action and through

the date of entry of final judgment." Compl. ¶ 6 [Doc. No. 1]. Though the parties have now

agreed on certification and a proposed form of notice, they do not fully agree on the method of

notice.

## II.     Statutory Scheme

Employees may bring collective actions under the FLSA on behalf of themselves and all

other "similarly situated" employees. 29 U.S.C. § 216(b). In Hoffman-La Rouche Inc. v.

Sperling, the Supreme Court explained that the benefits of a collective action "depend on

employees receiving accurate and timely notice concerning the pendency of the collective action,

so that they can make informed decisions about whether to participate." 493 U.S. 165, 170

(1989). Accordingly, once a collective action is filed, the district court "has a managerial

responsibility to oversee the joinder of additional parties to assure that the task is accomplished

in an efficient and proper way." Id. at 170-71. A district court may exercise its discretion by

conditionally certifying an action and monitoring preparation and distribution of such notice. Id.

at 171-72. "'[C]onditional certification' does not produce a class with an independent legal

status, or join additional parties to the action." Genesis Healthcare Corp. v. Symczyk, 569 U.S.

66, 75 (2013). Instead, "the sole consequence of conditional certification is the sending of court-

approved written notice to employees[.]" <u>Id.</u> (<u>citing</u> <u>Hoffmann–La Roche Inc.</u>, 493 U.S. at 171–72).

### III.    Discussion

#### A.    *Collective Action Certification*

Conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) is appropriate here, where Plaintiff asserts that Managers across Defendants' Dunkin Donuts locations had similar responsibilities and compensation to her own and raises common issues among the putative class, including whether members of the class were paid a <u>bona fide</u> salary or were overtime exempt under the FLSA. Accordingly, the court will conditionally certify the putative class.

#### B.    *Text of the Notice to Putative Collective Members*

The parties report that they have agreed on the text of a <u>Proposed Notice</u> [Doc. No. 32-15]. The court adopts this agreed-upon Notice.

#### C.    *Method of Providing Notice*

Plaintiff proposes that Defendants provide a list of all Managers that are members of the collective with each Manager's date and locations of employment and last known mailing and email addresses, and that Plaintiff provide the form Notice to all Managers that are members of the collective by mail, email, and "in a prominent location inside each Dunkin Donuts Store owned or managed by Defendants." Proposed Order ¶ 3 [Doc. No. 28]. Plaintiff proposes further that collective action members will have a 60 day opt-in period to opt into the case, beginning on the date that the Notice is sent. <u>Id.</u> ¶ 4. Finally, Plaintiff proposes sending a reminder notice by email to putative collective members 45 days into the opt-in period. <u>Id.</u> ¶ 5.

Defendants object to the provision that Notice be posted within each of Defendants' Dunkin Donuts locations. Def.'s Response to Pl.'s Mot. to Cert. a Collective Action ("Def.'s

Resp.") 8 [Doc. No. 31].[1] Defendants argue that posting Notice in all of Defendants' Dunkin Donuts locations, when each of those locations employs only one Manager, would not meaningfully facilitate notice to the putative collective and instead would serve only to solicit additional clients who are not members of the collective. Id. at 7 (citing, inter alia, Molina-Torres v. Harris County Constable Precinct 6, 2024 WL1703089, at *16 (S. D. Tex. Apr. 19, 2024) (refusing request to post notice in location where only one employee was potential member of a collective)). Plaintiff responds that such postings are routinely allowed. Reply in Further Support of Motion to Certify a Collective Action 2 [Doc. No. 35] (citing, inter alia, Rosario v. Valentine Avenue Discount Store, Co., Inc., 828 F.Supp.2d 508, 521 (E.D.N.Y. 2011) (allowing posting of Notice in defendant's stores where putative collective included all non-managerial employees)). Plaintiff contends further that in the instant case, posting would be an effective supplement (1) to ensure that current employees who recently moved or filter their email will be made aware of this litigation; (2) to serve as a reminder of the pendency of this litigation and date to join for those who did receive the Notice; and (3) to ensure that current employees recognize that the Notice is legitimate and not junk mail or spam.

That posting a notice may be  routine where multiple employees are at a particular location is of no moment here, where Plaintiff does not dispute that there is likely only one member of the collective at each store. Nor is a reminder necessary where Plaintiff intends to send mail and email reminders. Ensuring that current employees recognize that the Notice is

---

[1] Defendants also ask that the court require Plaintiff to distribute the Notices on the same day, and that Defendants be informed the same day the notices are sent; require that the reminder notice be identical to the notice agreed on by the parties; and state that the procedures described shall be the sole form of notice distributed to the collective. Plaintiff has not submitted any objections to these modifications, which the court will adopt except as discussed below.

legitimate by forcing the employer to post the Notice is also unnecessary where some legitimacy can be achieved simply by sending the letters by First Class Mail. The court recognizes, however, that mail may not reach employees who have recently moved, and that work locations may be a more reliable method of reaching collective members. Accordingly, the court will allow Plaintiff to mail a Notice, addressed to the collective member at that member's store location, in the event that the original Notice mailed to the address provided by the company is returned to sender.

### IV.    Conclusion

For the foregoing reasons, Plaintiff's <u>Motion to Certify the Collective Action Pursuant to 29 U.S.C. § 216(b) and Issue Notice to the Proposed Collective Action Members</u> [Doc. No. 25] is GRANTED as follows:

1. The court conditionally certifies a collective of all current or former managers of Dunkin Donuts employed by any Defendant during any portion of the period commencing three years prior to the filing of this action and through the date of entry of final judgment;

2. Defendants shall provide Plaintiff's counsel contact information (including addresses and email addresses) and dates and locations of employment for all members of the collective within 14 days of this order, and for individuals newly employed as Managers after the date of this order, within 14 days of when the individual assumes that position;

3. Plaintiff shall provide notice in the form of the Proposed Notice [Doc. No. 32-15] to all Managers who are members of the collective by regular mail and e-mail. Plaintiff's counsel shall inform Defendants' counsel of when Notices are sent. Each member of the collective shall have 60 days from the date of Notice to Opt-in;

4.  Further attempts at notice may be made for those Managers whose Notices are returned as undeliverable by mailing the Notices to forwarding addresses provided by the United States Post Office and/or addressed to the Managers at their work location; and

5.  Plaintiff shall send a reminder notice by email 45 days after the initial Notice is sent.

IT IS SO ORDERED

June 25, 2024                                                    /s/Indira Talwani
                                                                United States District Judge